# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form7instructions.pdf*

**9th Cir. Case Number(s)** 23-55004

**Case Name** Kimberly Long v. Thomas Weeks, et al.

**Counsel submitting this form** Lee H. Roistacher

**Represented party/parties** Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, Daniel Verdugo and Jeffrey Glenn

*Briefly describe the dispute that gave rise to this lawsuit.*

In 2005, plaintiff Kimberly Long was convicted of the 2003 murder of her boyfriend in her own home and sentenced to 15 years to life. The City of Corona Police Department was the investigating agency. After exhausting her direct appeals, Long began serving her sentence in 2009. After a decade of post-conviction challenges to her conviction, the Superior Court vacated her conviction in 2016 for ineffective assistance of counsel and released her from prison. The Court of Appeal reversed, but the California Supreme Court upheld the vacating of her conviction in 2020, for ineffective assistance of counsel. See In re Long, 10 Cal.5th 764 (2020).

There was no finding of factual innocence by the Supreme Court, or any other federal or state court. In fact, the trial court expressly refused to find Long factually innocent. The District Attorney elected not to re-try the case, in large part because the two key prosecution witnesses had died.

Not once in seeking post-conviction relief did Long ever raise any claim that constitutional misconduct by police officers during her investigation or prosecution resulted in her conviction (though she did at one point raise prosecutorial misconduct during trial). These claims are made for the first time in this "wrongful conviction" lawsuit raising claims under 42 U.S.C. section 1983 and California law. Long alleges officers failed to disclose Brady material to the prosecution, as well as fabricated, manipulated, destroyed and failed to collect evidence.

Defendants categorically deny any wrongdoing.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7                                          *Rev. 9/01/22*

*Briefly describe the result below and the main issues on appeal.*

The district court denied the individual officer defendants' qualified immunity motion to dismiss Long's section 1983 claims. ECF Doc. 103. The main issues on appeal are whether Long alleged constitutional violations and, if so, was it clearly established in 2003 that the each individual officer's specific conduct was unconstitutional. See Kisela v. Hughes, 138 S. Ct. 1148, 1153 (2018); District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018); Yoshikawa v. Seguirant, 41 F.4th 1109, 1114-15 (9th Cir. 2022).

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The appeal by the individual defendants has divested the district court to proceed further on the section 1983 claims. Absent agreement from Long, defendants will move to stay proceedings on those claims as well as the intertwined state law claims.

**Signature** /s/ Lee H. Roistacher  **Date** January 6, 2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7                                                                                          Rev. 9/01/22

# CERTIFICATE OF SERVICE

Re: *Kimberly Long v. Thomas Weeks, et al.*
United States Court of Appeals for the Ninth Circuit
Case No. 23-55004
USDC Case No. 5:21-cv-02008-FWS-E

I, Maria E. Kilcrease, declare:

That I am and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 440 Stevens Avenue, Suite 100, Solana Beach, California 92075 and my electronic address is mkilcrease@deangazzo.com.

On January 6, 2023, I served the following documents described as: **MEDIATION QUESTIONNAIRE**

on all interested parties in this action addressed as follows:

> Lauren Carbajal
> Megan Pierce
> Steven Art,
> Loevy & Loevy
> 311 N. Aberdeen St., 3rd Fl.
> Chicago, IL 60607
> Tel: (312) 243-5900
> E-mail: carbajal@loevy.com
> steve@loevy.com

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302
Tel: (720) 328-5642
E-mail: elizabethw@loevy.com

Michael D. Seplow
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Tel: (310) 396-0731
E-mail: mseplow@sshhzlaw.com

Jan Stiglitz
Law Office of Jan Stiglitz
14462 Garden Tr.
San Diego, CA 92127
Tel: (619) 807-5890
E-mail: js@cwsl.edu

**Attorneys for Appellee**

John D. Higginbotham
Neil D. Okazaki
Dean Derleth, City Attorney
City Attorney's Office
City of Corona
400 S. Vicentia Ave., 3rd Floor
Corona, CA 92882
Tel,: (951) 279-3506
E-mail: john.higginbotham@coronaca.gov
      neil.okazaki@coronaca.gov

**Attorneys for Appellants, City of Corona, Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, Daniel Verdugo and Jeffrey Glenn**

  X      BY ELECTRONIC SERVICE: On the date stated above, I served the documents described above on designated recipients via CM/ECF.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 6, 2023, at Solana Beach, California.

                                    */s/ Maria E. Kilcrease*
                                    Maria E. Kilcrease, declarant