No. 23-55004

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

KIMBERLY LONG,

                                                                                          *Plaintiff-Appellee*,

                   v.

THOMAS WEEKS; RONALD ANDERSON; DANIEL BLOOMFIELD; ROBERT NEWMAN; DANIEL VERDUGO; JEFFREY GLENN,

                                                     *Defendants-Appellants*.

_____

Appeal from the United States District Court
for the Central District of California
No. 5:21-cv-02008-FWS-E

_____

**PLAINTIFF-APPELLEE'S MOTION
TO DISMISS APPEAL AS MOOT**

_____

Plaintiff-Appellee Kimberly Long, through her counsel, moves to dismiss Defendants-Appellants' appeal as moot, for the reasons that follow:

## INTRODUCTION

This qualified immunity appeal should be dismissed as moot.[1] As discussed below, Defendants' appeal is based on an inoperative version of the pleadings. Thus, any opinion regarding Defendants' claims would amount to an advisory opinion.

## BACKGROUND

Plaintiff Kimberly Long alleges that in 2005, she was wrongfully convicted of murdering her live-in boyfriend, Oswaldo Conde. Plaintiff alleges several City of Corona police officers including Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, Daniel Verdugo, and Jeffrey Glenn (collectively "Defendants") framed her for Conde's murder. To secure her prosecution and conviction, Defendants fabricated, manipulated, destroyed, and suppressed impeaching and exculpatory evidence throughout their investigation. This included coercing key witnesses into changing elements of their testimony to implicate Plaintiff, and to exclude viable alternative suspects who had previously threatened both Plaintiff and Conde. Defendants' intentional

---

[1] The parties have conferred, and Defendants-Appellants oppose this motion.

2

Case: 23-55004, 02/21/2023, ID: 12658038, DktEntry: 12, Page 3 of 10

mishandling of the evidence was essential to Plaintiff's conviction because no physical evidence tied Plaintiff to the crime in any way. Plaintiff also brings a *Monell* claim alleging that Defendants' conduct was in line with the City of Corona's policies and practices. *See* Dkt. 108 (Second Amended Complaint). As a result, Plaintiff alleges that she unjustly lost 16 years of her life.

Since filing her original complaint in 2021, Plaintiff's case has gone through two full rounds of motions to dismiss briefings. In the latter round, Defendants filed four separate motions to dismiss Plaintiff's claims, asserting, among other defenses, that Plaintiff's federal claims should be dismissed on the grounds of qualified immunity. *See* Dkts. 69-1; 70-1; 71-1; 72-1. On December 27, 2022, the district court entered an order granting in part and denying in part Defendants' motions to dismiss. Dkt. 103. The court denied Defendants' request to dismiss Plaintiff's Section 1983 claims, finding that she sufficiently alleged violations of clearly established rights. *Id.* The court also granted Plaintiff leave to amend her *Monell* and Fourth Amendment claims and ordered that any such amendment be filed by January 26, 2023. *Id.* Defendants filed this appeal on January 4, 2023.

3

Dkt. 104. Pursuant to the district court's order, Plaintiff filed her Second Amended Complaint on January 26, 2023. Dkt. 108. On February 9, 2023, Defendants filed another motion to dismiss challenging Plaintiff's amended *Monell* claim. Dkt. 112. However, Defendants did not challenge the district court's acceptance of the amended complaint.

When Plaintiff filed her Second Amended Complaint, her First Amended Complaint was nullified. Defendants' appeal seeks a decision based on a nullified document. The appeal has now lost its character as a live controversy, and this Court can no longer provide Defendants relief. Therefore, the appeal is moot and should be dismissed.

## ARGUMENT

"Without jurisdiction the court cannot proceed at all." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). As such, the court "must independently ascertain whether [it] has jurisdiction to entertain an appeal." *Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, 673 F.3d 1267, 1270 (9th Cir. 2012) (citation omitted). Questions of jurisdiction are reviewed de novo. *Guerrier v. Garland*, 18 F.4th 304, 308 (9th Cir. 2021).

"The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). "A claim is moot if it has lost its character as a present, live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Id.* Mootness is a threshold issue to the Court's consideration of the underlying appeals. *In re Norrie,* 2015 WL 13916915, at *3 (C.D. Cal. June 4, 2015), aff'd, 690 F. App'x 495 (9th Cir. 2017). Here, there is no longer a live controversy because Defendants' appeal concerns the district court's decision on their motion to dismiss Plaintiff's First Amended Complaint, which was nullified by the filing of her Second Amended Complaint.

As a general rule, an amended complaint replaces the original complaint and renders it inoperative. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). In *Falck N. California Corp. v. Scott Griffith Collaborative Sols.*, the Ninth Circuit recently applied this rule to

5

dismiss the defendant's appeal as moot because it rested on the plaintiff's First Amended Complaint, rather than the operative Second Amended Complaint, which had been filed pursuant to the district court's order. 25 F.4th 763, 766 (9th Cir. 2022). It reasoned that even though the original and amended complaints were substantively the same, the complaint being challenged on appeal was a "legal nullity." *Id.* This rule has been applied in other cases to dismiss appeals as moot where an appeal and an amended pleading were filed close in time. *See id.*; *Liberi v. Defend Our Freedoms Foundations, Inc.*, 509 F. App'x 595 (9th Cir. 2013); *Adamou v. Doyle*, 674 F. App'x 50 (2d Cir. 2017).

Here, Defendants' appeal is moot because it relies on Plaintiff's inoperative First Amended Complaint. In the district court's December 27, 2022 order on Defendants' motion to dismiss, the Court granted Plaintiff leave to amend and set a one-month deadline for any such amendment. Plaintiff then filed her amended complaint on January 26, in accordance with the district court's order. The new version of the complaint added allegations to Plaintiff's Fourth Amendment claim and claim against the Defendant City of Corona under *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978). Defendants answered

Plaintiff's new complaint with another motion to dismiss challenging the merits of Plaintiff's *Monell* claim. Dkt. 112. Defendants, like the defendant in *Falck*, did not contest the district court's decision to allow the Second Amended Complaint in their motion to dismiss. 25 F.4th 763 at 765. By filing their motion to dismiss, Defendants conceded that the Second Amended Complaint is the operative complaint.[2] But, Defendants' appeal is based on Plaintiff's First Amended Complaint, which was nullified following the filing of her Second Amended Complaint. Because the First Amended Complaint is now a "legal nullity," this Court can no longer grant effective relief, rendering Defendants' appeal moot.

    Like the defendant in *Falck*, Defendants may argue that this court may still address their claims because the two complaints are substantively similar. However, if the Court were to "express[] [its] views on the claims in the original [inoperative] complaint[, it] would be

---

[2] Two cases in other circuits have held that an interlocutory qualified immunity appeal divests a district court of jurisdiction to accept an amended complaint. See *Wooten v. Roach*, 964 F.3d 395, 404 (5th Cir. 2020); *May v. Sheahan*, 226 F.3d 876, 879-81 (7th Cir. 2000). However, these cases are inconsistent with Ninth Circuit law. See *Falck*, 25 F.4th at 765-66.

7

expressing views on "abstract propositions of law"—in other words, issuing the type of advisory opinion that the Supreme Court has long prohibited." *Exeltis USA, Inc. v. First Databank, Inc.*, 779 F. App'x 486, 487 (9th Cir. 2019); *Hall v. Beals*, 396 U.S. 45, 48 (1969). Plaintiff's First Amended Complaint, despite its similarities to the Second Amended Complaint, is still a legal nullity. "Efficiency is no basis to provide appellate jurisdiction over an appeal that is moot." *Falck N. California Corp.*, 25 F.4th at 766.

## CONCLUSION

When Plaintiff filed her Second Amended Complaint, her First Amended Complaint was nullified. As Defendants' appeal is predicated on a pleading that no longer exists in the case, this Court cannot grant them relief. Therefore, Defendants' appeal is moot and should be dismissed.

Respectfully submitted,

KIMBERLY LONG

By: s/ Elizabeth Wang
    *One of Plaintiff's attorneys*

Elizabeth Wang
Steve Art

8

Lauren Carbajal
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
(312) 243-5902 (Fax)

Jan Stiglitz
LAW OFFICE OF JAN STIGLITZ
14462 Garden Tr.
San Diego, CA 92127
Phone: (619) 807-5890

Michael D. Seplow
SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Phone: (310) 396-0731

9

## CERTIFICATE OF COMPLIANCE WITH FRAP 27(d)(1) and (2)

I certify that the foregoing memorandum complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A). According to the word count function on Microsoft Word, the motion contains 1,285 words, under the limit of 5,200 words. The typeface and typestyles comply with the requirements of Fed. R. App. P 27(d)(1)(E).

s/ Elizabeth Wang

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, certify that, on February 21, 2023, I caused the foregoing motion to be filed via the Court's electronic filing system, which effected service on all counsel of record.

s/ Elizabeth Wang