No. 23-55004

# IN THE UNITED STATES COURT OF APPEAL FOR THE NINTH CIRCUIT

---

KIMBERLY LONG,
*Plaintiff-Appellee,*

vs.

THOMAS WEEKS, RONALD ANDERSON, DANIEL BLOOMFIELD, ROBERT NEWMAN, DANIEL VERDUGO, JEFFREY GLENN,
*Defendants/Appellants.*

---

On Appeal from the United States District Court for the
Central District of California
Case No. 5:21-cv-02008-FWS-E
Judge: Hon. Fred W. Slaughter

---

## APPELLANTS' OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT

---

*Lee H. Roistacher, Esq.
(SBN 179619)
Mitchell D. Dean, Esq.
(SBN 128926)
Dean Gazzo Roistacher LLP
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Tel.: (858) 380-4683
Fax: (858) 492-0486
E-mail: lroistacher@deangazzo.com
        mdean@deangazzo.com

John D. Higginbotham (SBN 204179)
Neil D. Okazaki (SBN 201367)
Dean Derleth, City Attorney
City Attorney's Office
City of Corona
400 S. Vicentia Ave., 3rd Floor
Corona, CA 92882
Tel,: (951) 279-3506
E-mail: john.higginbotham@coronaca.gov
        neil.okazaki@coronaca.gov

# TABLE OF CONTENTS

INTRODUCTION……………………………………………………5

RELEVANT PROCEDURAL BACKGROUND………………7

ARGUMENT……………………………………………………...10

    A.    The District Court Lost Jurisdiction Over
            Kimberly Long's 42 U.S.C. Section 1983 Claims
            Against The Officers When The Officers Filed
            Their Notice Of Appeal……………………………11

    B.    The Filing Of The Amended Complaint By
            Kimberly Long After The Officers Appealed
            Does Not Moot This Appeal………………………13

    C.    Finding The Officers' Appeal Moot Would
            Thwart The Purpose Of Immediate Appeals
            Of Qualified Immunity Denials…………………..20

CONCLUSION…………………………………………………22

CERTIFICATE OF COMPLIANCE PURSUANT TO
FED. R. APP. 32(A)(7)(C) AND CIRCUIT RULE 32-1
FOR CASE NO. 23-55004………………………………………24

CERTIFICATE OF SERVICE…………………………………25

# TABLE OF AUTHORITIES

## Cases

*Adamou v. Doyle*
    674 F. App'x 50 (2d Cir. 2017)……………………………….6

*Batzel v. Smith*
    333 F.3d 1018 (9th Cir. 2003)……………………………14

*Behrens v. Pelletier*
    516 U.S. 299 (1996)……………………………....13, 21

*Chuman v. Wright*
    960 F.2d 104 (9th Cir. 1992)………………………9, 11, 12

*David v. Kaulukukui*
    38 F.4th 792 (9th Cir. 2022)………………………………12

*Falck N. Cal. Corp. v. Scott Griffith Collaborative
Sols., LLC,*
    25 F.4th 763 (9th Cir. 2022)………………………...*Passim*

*Flo & Eddie, Inc. v. Pandora Media, LLC*
    No. 20-56134, 2022 U.S. App. LEXIS 15281
    (9th Cir. June 2, 2022)………………………………14

*Griggs v. Provident Consumer Disc. Co.*
    459 U.S. 56 (1982)………………………………11, 16, 18

*Hunter v. Bryant*
    502 U.S. 224 (1991)……………………………15, 20

*In re Burrell*
    415 F.3d 994 (9th Cir. 2005)……………………………...11

*Johnson v. 3M Co.*
    55 F.4th 1304 (11th Cir. 2022)……………………………6

*Liberi v. Defend Our Freedoms Founds., Inc.,*
    509 F. App'x 595 (9th Cir. 2013)…………………………..6

*May v. Sheahan*
    226 F.3d 876 (7th Cir. 2000)………………….…*Passim*

*Mendoza v. City of Peoria*
    No. CV-13-00258-PHX-DJH, 2015
    U.S. Dist. LEXIS 192849 (D. Ariz. July 31, 2015)……..19

*Mitchell v. Forsyth*
    472 U.S. 511 (1985)………………………….……*Passim*

*Monell v. Dep't of Soc. Servs.*
    436 U.S. 658 (1978)………………………………*Passim*

*NASD Dispute Resolution, Inc. v. Judicial Council*
    488 F.3d 1065 (9th Cir. 2007)……………………………10

*Padgett v. Wright*
    587 F.3d 983 (9th Cir. 2009)……………………………11

*Saucier v. Katz*
    533 U.S. 194 (2001)……………………………………..12

*Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs &*
*Trainmen Gen. Comm. of Adjustment, Cent. Region*
    558 U.S. 67 (2009)………………………………………12

*Wooten v. Roach*
    964 F.3d 395 (5th Cir. 2020)………………….....*Passim*

**Statutes**

42 U.S.C. § 1983 …………..………………………….*Passim*

Cal. Civ. Proc. § 425.16………………………………….…13

**INTRODUCTION**

On January 4, 2023, defendants Thomas Weeks,
Ronald Anderson, Daniel Bloomfield Robert Newman,
Daniel Verdugo and Jeffrey Glenn ("Officers") timely
appealed from the district court's December 22, 2023 order
denying their qualified immunity based motions to dismiss
the four 42 U.S.C. section 1983 claims Kimberly Long
asserted against them in her first amended complaint. *See*
Docs. 103, 104. [1]

Relying primarily on *Falck N. Cal. Corp. v. Scott
Griffith Collaborative Sols*., LLC, 25 F.4th 763 (9th Cir.
2022), Long moves to dismiss this appeal arguing the filing
of her second amended complaint – *filed after Officers
appealed and after the district court lost jurisdiction over her
section 1983 claims* – moots this appeal.

Long is wrong.

*Falck* is inapplicable because it involved neither
qualified immunity nor an amended complaint filed *after* the

---

[1] "Doc(s)." refers to the district court docket number.

filing of a notice of appeal.  *Falck* involved an amended complaint being filed *before* a notice of appeal seeking review of the district court's order denying an anti-SLAPP motion targeting the prior version of the complaint. [2]

This Court has not addressed mootness in the context presented here.  But the Fifth and Seventh Circuits have, and both held the filing of an amended complaint *after* the filing of a notice of appeal challenging denial of an immunity does *not* moot the appeal because the divesture of jurisdiction in the district court over issues raised by the appeal renders the amended complaint a nullity until the appeal is resolved.  *May v. Sheahan*, 226 F.3d 876, 878-81 (7th Cir. 2000); *Wooten v. Roach*, 964 F.3d 395, 400-04 (5th

---

[2] The same is true of an unpublished decision by this Court that Long cites, *Liberi v. Defend Our Freedoms Founds., Inc.*, 509 F. App'x 595, 596 (9th Cir. 2013).  The unpublished decision from the Second Circuit Long cites involved a dismissal for lack of jurisdiction for a defective notice of appeal, and is thus irrelevant. *See Adamou v. Doyle*, 674 F. App'x 50, 51 (2d Cir. 2017) ("After the district court denied his motion for reconsideration and his motion to dismiss the third amended complaint, Doyle neither amended the existing notice of appeal nor filed another notice appealing the new orders relating to the third amended complaint.").

Cir. 2020); *see also Johnson v. 3M Co.*, 55 F.4th 1304, 1309

(11th Cir. 2022) ("[W]e have held that if a proposed amended

complaint would 'alter[] the status of the case' on

interlocutory appeal, the district court lacks jurisdiction to

allow the plaintiffs to file it.").

This Court should adopt the well-reasoned analysis in

*May* and *Wooten*, find appellate jurisdiction secure, and deny

Long's motion. [3]

## RELEVANT PROCEDURAL BACKGROUND

Long filed her first amended complaint after the

district court dismissed the entirety of her original complaint

with leave to amend. *See* Docs. 57, 61.

Long's first amended complaint alleged four claims

under section 1983 against the Officers based on their

alleged conduct during the investigation and prosecution of

Long for murder (Counts I-IV). Doc. 61, pp. 9-26.

---

[3] Without any discussion whatsoever, Long asserts in a footnote that *May* and *Wooten* are "inconsistent with Ninth Circuit law." Motion, p. 7 n. 2. As the discussion in this brief will show, no inconsistency or even tension exists.

Long also alleged against the City of Corona a section 1983 municipal liability claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (Count V). *Id.*, pp. 26-31. Long further alleged various state law causes of action against the Officers and the City. *Id.*, pp. 32-35.

The Officers moved to dismiss Long's four section 1983 claims arguing qualified immunity, the City moved to dismiss Long's *Monell* claim, and both the Officers and the City moved to dismiss Long's state law claims. *See* Docs. 69-74.

On December 27, 2022, the district court granted in part and denied in part the motions to dismiss. Doc. 103. The district court denied the Officers' assertion of qualified immunity on Long's section 1983 claims (Counts 1-IV). Doc. 103, pp. 9-16. The district court granted the City's motion to dismiss Long's *Monell* claim with leave to amend (Count V). Doc. 103, pp. 17-18, 22. The district court dismissed with prejudice three of Long's state law claims because they had

already been dismissed with prejudice but denied the motion to dismiss Long's other state law claims. *Id.*, p. 22.

On January 4, 2023, the Officers filed a timely notice of appeal from the district court's December 27, 2022 order denying qualified immunity on Long's four section 1983 claims (Counts I-IV). Doc. 104.

On January 23, 2023, defendants moved to stay the action in its entirety because the filing of the notice of appeal divested the district court of jurisdiction to proceed on Long's section 1983 claims, and the district court should exercise its discretion to stay the remaining claims pending resolution of this appeal. Doc. 106. The following day, Long filed a motion to deem the Officers' appeal frivolous under *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992). Doc. 107. The district court has not yet ruled on these motions. Doc. 118.

Thereafter, on January 26, 2023, consistent with the district court's order dismissing Long's *Monell* claim with leave to amend, Long filed her second amended complaint adding allegations to her *Monell* claim. *See* Doc. 108, ¶¶ 97-

115. However, Long also (as she concedes in her motion) added allegations expanding the scope of her section 1983 claims against the Officers (i.e., the claims subject to the Officers' appeal). *See id.*, ¶¶ 56, 75, 78, 79, 128. Long once again included the three state law claims the district court had twice dismissed with prejudice.

On February 9, 2023, the Officers and the City moved to dismiss the claims still within the district court's jurisdiction: the state law claims already twice dismissed and the *Monell* claim. Doc. 112. The Officers specifically noted Long's expansion of her section 1983 claims exceeded the district court's leave to amend, as well as the absence of district court jurisdiction over the section 1983 claims asserted against the Officers. *Id.*, p. 8 n.2.

## ARGUMENT

"A case is moot on appeal if no live controversy remains at the time the court of appeals hears the case." *NASD Dispute Resolution, Inc. v. Judicial Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) "The test for whether such a controversy

exists is 'whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Id.* (quoting *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005)).

The Officers' appeal is *not* moot. This Court can give the Officers effective relief because Long's filing of her second amended complaint does not moot the qualified immunity issues on appeal.

## A. The District Court Lost Jurisdiction Over Kimberly Long's 42 U.S.C. Section 1983 Claims Against The Officers When The Officers Filed Their Notice Of Appeal

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

To be sure, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id.* These rules apply to interlocutory appeals from denials of qualified immunity. *Chuman*, 960

F.2d at 105; *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009) ("a pretrial appeal of an order denying qualified immunity normally divests the district court of jurisdiction to proceed with trial"); *see Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) ("Subject-matter jurisdiction" "refers to a tribunal's 'power to hear a case,' a matter that 'can never be forfeited or waived.'").

Once a notice of appeal is filed, the district court loses jurisdiction to proceed on the section 1983 claims "'because qualified immunity is immunity from suit, not just a defense to liability, and the immunity is effectively lost if a case is erroneously permitted to go to trial.'" *David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022) (citation omitted); *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (qualified immunity is "'an entitlement not to stand trial or face the other burdens of litigation'"); *see Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (denials of qualified immunity immediately appealable); *May*, 226 F.3d at 880 ("[T]he Supreme Court has made clear

that a *Forsyth* appeal implicates more than just a public official's right to avoid a trial, it also protects a public official from burdensome pretrial proceedings, including, most notably, discovery.") (citing *Behrens v. Pelletier*, 516 U.S. 299, 305-08 (1996)).

**B.    The Filing Of The Amended Complaint By Kimberly Long After The Officers Appealed Does Not Moot This Appeal**

As stated earlier, Long relies on *Falck* to argue the filing of her second amended complaint moots the Officers' appeal.  *Falck* does not assist Long.

In *Falck*, the district court denied the defendant's anti-SLAPP motion challenging the plaintiff's first amended complaint.[4]  25 F.4th at 765. The plaintiff filed a second amended complaint, the defendant moved to dismiss that complaint, and the defendant thereafter appealed from the order denying the anti-SLAPP motion directed at the first amended complaint.  *Id*.  This Court concluded the filing of

---

[4] *See* Cal. Civ. Proc. § 425.16.

13

the second amended complaint superseded the first amended complaint and mooted the defendant's appeal because the first amended complaint was no longer the operative pleading, and no effective relief could be afforded from the order on the first amended complaint. *Id.*

*Falck* is materially different from this case for two reasons, both of which Long ignores.

First, *Falck* did not involve an interlocutory appeal from the denial of qualified immunity but an interlocutory appeal from an order denying an anti-SLAPP motion. 25 F.4th at 765. Denials of qualified immunity raise concerns much different than denials of a state law anti-SLAPP motion.[5] Indeed, the Supreme Court has repeatedly emphasized the need for immediate and early review of

---

[5] In *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003), this Court held appellate jurisdiction exists under the collateral order doctrine over interlocutory appeals from the denial of an anti-SLAPP motion. Many of this Court's judges have since questioned the propriety of that holding. *See Flo & Eddie, Inc. v. Pandora Media, LLC*, No. 20-56134, 2022 U.S. App. LEXIS 15281, at *6-9 (9th Cir. June 2, 2022) (Bress, J., concurring).

14

denials of qualified immunity.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.");  *Forsyth*, 472 U.S. at 526-27 ("[T]he reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable: in each case, the district court's decision is effectively unreviewable on appeal from a final judgment.").

Second, and of jurisdictional importance, the notice of appeal in *Falck* was filed *after* the filing of the amended complaint. 25 F.4th at 765 ("Griffith did not appeal the denial of the motion to dismiss the First Amended Complaint until the Second Amended Complaint had been filed.").  This Court accordingly did not have jurisdiction over any aspect of the case when the plaintiff filed the amended complaint.  Here, Long filed her amended complaint *after* the Officers filed their notice of appeal.  The Officers filing of the notice of appeal was an act of immediate "jurisdictional

significance" not present in *Falck* when the plaintiff in that case filed the amended complaint. *Griggs*, 459 U.S. at 58.

The critical factual differences between this case and *Falck* renders *Falck* inapplicable.

The absence of jurisdiction in the district court over issues involved in the appeal is dispositive; the filing of the amended complaint *after* the filing of a notice of appeal does not moot the appeal from the prior complaint. This is precisely the conclusion the Fifth Circuit reached in *May*, 226 F.3d 876, and the Seventh Circuit reached in *Wooten*, 964 F.3d 395.

In *May*, a district court denied portions of the defendant's qualified immunity motion to dismiss. 226 F.3d at 878. *After the defendant appealed*, the district court twice allowed plaintiff to file amended complaints. *Id.* at 879. Examining the impact, if any, the filing of the amended complaints had over its appellate jurisdiction, the court concluded it did not; the filing of an amended complaint after the filing of a notice of appeal interferes with the appellate

16

jurisdiction the Supreme Court has granted over qualified immunity appeals by altering the status of the issues on appeal. *Id.* at 879-81.

As the court succinctly stated: "[T]he amended complaints [plaintiff] filed while this appeal was pending are nullities and the complaint in effect when this appeal was filed, his original Amended Complaint, is the operative document. Accordingly, this appeal is not moot, and our jurisdiction is secure." *Id.* at 881. Such is the case here.

In *Wooten*, the defendants moved to dismiss asserting official, prosecutorial, and qualified immunity. 964 F.3d at 400-01. As plaintiff requested in opposition, the district court granted leave to amend (and aided plaintiff on what more to allege) and, thus, either rejected the assertions of immunity or found them moot given the anticipated amended complaint. *Id.* at 401. The defendants timely filed an interlocutory appeal, and the plaintiff then filed his second amended complaint as the district court directed

adding new allegations directed at the immunity defenses. *Id.*

Answering "no" to the question of "whether the district court's acceptance of [plaintiff's] second amended complaint renders this appeal moot," the court held "[d]istrict courts lack power to alter the status of case as it rests before the Court of Appeals," *id.* at 403, and by "accepting the amended pleading, the district court thus attempted to assert jurisdiction over 'aspects of the case involved in the appeal,' which *Griggs* forbids." *Id.* (citing *Griggs*, 459 U.S. at 58). "[T]he timing of the district court's grant of leave to amend" is not material; the material question is "whether the amended pleadings would affect 'the issue on appeal.'" *Id.* at 404.

"By accepting an amended pleading that altered the status of the appeal, the district court wrongfully asserted jurisdiction over aspects of the case involved in this appeal. That amended pleading therefore did not supersede the complaint at issue in this appeal, which means that this

appeal is not moot."[6]  *Id.* at 404 (cleaned up).  Again, such is the case here.

Although jurisdiction over Long's section 1983 claims no longer rests in the district court, jurisdiction did continue to exist over Long's *Monell* claim and her state law claims. The district court will be determining whether to stay further litigation on those claims pending resolution of this appeal and, if not, will entertain the motion to dismiss directed at Long's *Monell* and state law claims.  That motion had to be filed because the district court retained jurisdiction over those claims and no stay was yet in place on those claims.  *Mendoza v. City of Peoria*, No. CV-13-00258-PHX-DJH, 2015 U.S. Dist. LEXIS 192849, at *5 n.4 (D. Ariz. July 31, 2015)  ("[G]iven the pending state law claims (battery, negligence and gross negligence) against the City of Peoria, which defendant Brewer's appeal does not implicate, and in

---

[6] The court ultimately concluded it lacked jurisdiction to resolve qualified immunity issues because the district court did not rule on them; thus, there was nothing for the court to review.  *Wooten*, 964 F.3d at 405.  That issue does not exist here.

the absence of a stay, Defendants were not at liberty to disregard this Court's pre-trial filing orders and deadlines.")

## C. Finding The Officers' Appeal Moot Would Thwart The Purpose Of Immediate Appeals Of Qualified Immunity Denials

Because qualified immunity is an immunity from suit meant to eliminate the burdens of being sued, district courts and appellate courts must resolve issues of qualified immunity as soon as possible. *Hunter,* 502 U.S. at 227 ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."); *Forsyth*, 472 U.S. at 526-27 ("[T]he reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable: in each case, the district court's decision is effectively unreviewable on appeal from a final judgment.").

Resolving qualified immunity "at the earliest possible stage in litigation" will often be at the motion to dismiss stage. And complaints often contain claims subject to

20

qualified immunity (i.e., section 1983 claims) and claims that are not (e.g., *Monell* and state law claims). As occurred in this case, district courts often deny qualified immunity but dismiss *Monell* claims with leave to amend.

Allowing an amended complaint to moot a qualified immunity appeal where, as here, the notice of appeal precedes the amended complaint improperly renders the district court's ruling on qualified immunity unreviewable. *See May*, 226 F.3d at 880 ("The question a court of appeals must answer in a *Forsyth* appeal following the denial of a motion to dismiss is whether the defendant public official is entitled to qualified immunity (and can therefore avoid the burdens of further litigation) based on the allegations in the plaintiff's complaint. *Behrens*, 516 U.S. at 306-09; *Forsyth*, 472 U.S. at 526. Allowing a plaintiff to alter the allegations in his or her complaint would have an obvious effect on a pending *Forsyth* appeal.").

It also places an unacceptable burden on the defendant. As the court in *May* aptly explained:

> Allowing a plaintiff to file an amended complaint while a *Forsyth* appeal is pending does place a litigation burden on a defendant public official. In response to each amended complaint, the public official will likely want to file an answer and a motion to dismiss, and possibly appeal any unfavorable decision. Having to take these steps compromises a defendant public official's right to avoid the burdens of litigation. Of course, depriving the district court of jurisdiction to accept an amended complaint during a *Forsyth* appeal will not forever prevent a plaintiff from amending his or her complaint, but it will give the court of appeals the opportunity to both pass on many of the allegations the plaintiff will likely end up relying on and offer guidance to the district court (and the parties) on the legal issues involved in the case. By doing so, the court of appeals can limit the burden on the defendant public official in responding to any post-appeal amended complaint, a result consistent with the purpose of a *Forsyth* appeal.

226 F.3d at 880.

## CONCLUSION

The district court lost jurisdiction over Long's section 1983 claims against the Officers when the Officers filed their notice of appeal. Long's subsequent filing of her second amended complaint was a nullity as to the section 1983

claims on appeal, and this Court's jurisdiction remains

intact.

 Long's motion to dismiss the appeal should be denied.


       Respectfully Submitted,

Dated: March 1, 2003   Dean Gazzo Roistacher LLP


     By:  */s/ Lee H. Roistacher*
       Lee H. Roistacher
       Mitchell D. Dean
       Attorneys for
       Defendants/Appellants
       Thomas Weeks; Ronald
       Anderson; Daniel
       Bloomfield; Robert
       Newman; Daniel Verdugo;
       Jeffrey Glenn

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## FED. R. APP. 32(A)(7)(C) AND CIRCUIT RULE 32-1
## FOR CASE NO. 23-55004

Pursuant to Federal Rule of Appellate Procedure 32

(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that

Appellants' Opposition to Appellee's Motion to Dismiss

Appeal as Moot is proportionately spaced, has a typeface of

14 points or more and contains 3,166 words.

Dated: March 1, 2003     Dean Gazzo Roistacher LLP

By:  */s/ Lee H. Roistacher*
     Lee H. Roistacher
     Mitchell D. Dean
     Attorneys for
     Defendants/Appellants
     Thomas Weeks; Ronald
     Anderson; Daniel
     Bloomfield; Robert
     Newman; Daniel Verdugo;
     Jeffrey Glenn

24

## CERTIFICATE OF SERVICE

Re:  *Kimberly Long v. Thomas Weeks, et al.*
     United States Court of Appeals for the Ninth Circuit
     Case No. 23-55004
     USDC Case No. 5:21-cv-02008-FWS-E

I, Maria E. Kilcrease, declare:

That I am and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 440 Stevens Avenue, Suite 100, Solana Beach, California 92075 and my electronic address is mkilcrease@deangazzo.com.

On March 1, 2023, I served the following documents described as:

### APPELLANTS' OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT

on all interested parties in this action addressed as follows:

> Lauren Carbajal
> Megan Pierce
> Steven Art,
> Loevy & Loevy
> 311 N. Aberdeen St., 3rd Fl.
> Chicago, IL 60607
> Tel: (312) 243-5900
> E-mail: carbajal@loevy.com
>          steve@loevy.com

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302
Tel: (720) 328-5642
E-mail: elizabethw@loevy.com

Michael D. Seplow
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Tel: (310) 396-0731
E-mail: mseplow@sshhzlaw.com

Jan Stiglitz
Law Office of Jan Stiglitz
14462 Garden Tr.
San Diego, CA 92127
Tel: (619) 807-5890
E-mail: js@cwsl.edu

**Attorneys for Appellee**

John D. Higginbotham
Neil D. Okazaki
Dean Derleth, City Attorney
City Attorney's Office
City of Corona
400 S. Vicentia Ave., 3rd Floor
Corona, CA 92882
Tel,: (951) 279-3506
E-mail: john.higginbotham@coronaca.gov
        neil.okazaki@coronaca.gov

**Attorneys for Appellants, City of Corona, Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, Daniel Verdugo and Jeffrey Glenn**

X        BY ELECTRONIC SERVICE: On the date stated above, I served the documents described above on designated recipients via CM/ECF.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 1 , 2023, at Solana Beach, California.

*Maria E. Kilcrease*
_____
Maria E. Kilcrease, declarant