No. 23-55004

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

KIMBERLY LONG,

*Plaintiff-Appellee*,

v.

THOMAS WEEKS; RONALD ANDERSON; DANIEL BLOOMFIELD; ROBERT NEWMAN; DANIEL VERDUGO; JEFFREY GLENN,

*Defendants-Appellants*.

_____

Appeal from the United States District Court
for the Central California
No. 5:21-cv-02008-FWS-E

_____

PLAINTIFF-APPELLEE'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S APPEAL AS MOOT

_____

FACTUAL BACKGROUND

On December 27, 2022, the district court denied in part and granted in part Defendants' Motions to Dismiss Plaintiff's First

Amended Complaint. Dkt. 103. The district court rejected Defendants' qualified immunity arguments and granted Plaintiff 30 days to file a Second Amended Complaint. *Id.* Defendants filed a notice of appeal of the district court's order concerning the First Amended Complaint on January 4, 2023. Dkt. 104. Plaintiff filed her Second Amended Complaint on January 26, 2023. Dkt. 108. Defendants moved to dismiss the Second Amended Complaint on February 9, 2023. Dkt. 112. They did not contend in their motion to dismiss the Second Amended Complaint that the district court lacked jurisdiction or that it should not have accepted the amended complaint. *Id.* Instead, they addressed the complaint's merits. *Id.* Briefing on Defendants' motion to dismiss the Second Amended Complaint is pending, with Plaintiff's response due on March 9, 2023, and Defendants' reply due on March 23, 2023. At the same time, Defendants' appeal of the district court's order approving of the First Amended Complaint and denying Defendants' qualified immunity based on that First Amended Complaint remains pending in this Court, and Plaintiff has moved to dismiss the appeal as moot. Appellate Dkt. 12.

In their response to Plaintiff's motion to dismiss the appeal, Defendants rely on case law from other circuits to argue that their appeal is not moot. However, differences in how these other circuits and the Ninth Circuit address matters of the districts court's jurisdiction preclude application of the law of other circuits to this appeal. Those decisions cannot be adopted here consistent with Ninth Circuit law. At the same time, this Court decided in *Falck N. California Corp. v. Scott Griffith Collaborative Sols.*, 25 F.4th 763 (9th Cir. 2022), that the filing of a new operative complaint moots an appeal concerning an earlier version of the complaint, and Defendants' argument that *Falck* does not control here is incorrect. This court should dismiss Defendants' appeal as moot.

## ARGUMENT

I. THIS COURT SHOULD NOT ADOPT OTHER CIRCUITS' DECISIONS IN *MAY* AND *WOOTEN* BECAUSE THEY ARE INCONSISTENT WITH NINTH CIRCUIT LAW

Defendants' argument that their appeal is not moot is primarily based on case law from the Fifth and Seventh Circuits. These circuits hold that once notice of a qualified immunity appeal is filed, the district court lacks jurisdiction to accept an amended complaint in the first

3

place, and so the filing of an amended complaint in the district court does not moot the qualified immunity appeal. In these circuits, district courts are significantly stripped of jurisdiction once an interlocutory appeal based on qualified immunity has been filed.

The law is different in the Ninth Circuit. Here, an interlocutory appeal only divests the district court of jurisdiction to proceed to trial. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir.1992). But, under *Plotkin v. Pacific Telephone and Telegraph Company*, 688 F.2d 1291, 1293 (9th Cir. 1982), the district court retains jurisdiction, despite the appeal, to continue on with other phases of the case. Applying this rule, district courts in the Ninth Circuit have ordered injunctive relief,[1] have decided summary judgment,[2] and have resolved motions to dismiss while interlocutory appeals are pending.[3] It follows from these precedents that it is well within the district court's jurisdiction to accept an amended complaint while a qualified immunity appeal from an earlier version of the complaint is pending. In fact, Defendants do not dispute

---

[1] *Rouser v. White*, 707 F. Supp. 2d 1055, 1073 (E.D. Cal. 2010).
[2] *Plotkin*, 688 F.2d 1291 at 1293; see also *Am. Dev. Corp. v. Strack*, 81 F.3d 167, 1996 WL 134339, at *4 (9th Cir. 1996) (unpublished).
[3] *Song v. MTC Fin., Inc.*, 812 F. App'x 609, 610 (9th Cir. 2020).

this, as they demonstrated by filing a motion to dismiss the Second Amended Complaint on its merits in the district court.

On the other hand, in the Seventh Circuit, a district court is immediately stripped of jurisdiction over *all* aspects of a case on appeal when a qualified immunity appeal is taken. *May v. Sheahan*, 226 F.3d 876, 880 (7th Cir. 2000). That court specifically holds that "there can be no doubt that a *Forsyth* appeal divests a district court of the authority to order discovery or conduct other burdensome pretrial proceedings." *Id*. Thus, district courts in the Seventh Circuit, unlike in the Ninth Circuit, may not proceed with other phases of the case while a qualified immunity appeal is pending.

Likewise, in the Fifth Circuit, a district court is not allowed to accept an amended complaint during the pendency of a qualified immunity appeal because the district court lacks jurisdiction to "alter the status of the case as it rests before the Court of Appeals." *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020). Again, this standard is at odds with Ninth Circuit law, where district courts may in fact alter the status of a case on appeal.

5

Unlike the Fifth and Seventh Circuits, during the pendency of an interlocutory appeal, district courts in the Ninth Circuit only immediately lose jurisdiction over trial. As such, *May* and *Wooten* are inconsistent with established Ninth Circuit law and the court should not adopt their holdings.

## II. *FALCK* SUPPORTS THE INSTANT MOTION

In *Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022), this Court decided that an appeal addressing a complaint is rendered moot when an amended complaint is properly accepted by the district court. Defendants argue that this court's decision in *Falck* does not apply here because: (1) it concerned the appeal of an anti-SLAPP motion and (2) the appeal was filed after the amended complaint.

But *Falck* did not base the decision to dismiss the defendant's appeal as moot on either ground. That the appeal concerned an anti-SLAPP motion played no role at all in the *Falck* court's decision. *Id.*[4]

---

[4] Defendants also argue that qualified immunity appeals warrant different considerations than an anti-SLAPP motion appeal, namely that qualified immunity decisions need to be dealt with at "the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). This consideration is counterbalanced by this Court's warnings against

Similarly, *Falck* was not concerned with whether the notice of appeal was filed before or after the amended complaint. Instead, what mattered is that the amended complaint was accepted by the district court, and so an appeal concerning a prior version of the complaint could not go forward. The court stated:

> After Griffith moved to strike the defamation claims in Falck's First Amended Complaint, Falck filed its Second Amended Complaint. Griffith has not appealed the district court's decision to allow the Second Amended Complaint. And Griffith did not appeal the denial of the motion to dismiss the First Amended Complaint until the Second Amended Complaint had been filed. The amended complaint made the First Amended Complaint no longer operative. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect."); 6 C. Wright, A. Miller & M. Kane, Federal

---

qualified immunity appeals at the motion to dismiss stage. In *Keates v. Koile,* 883 F.3d 1228, 1235 (9th Cir. 2018), the court stated that "determining claims of qualified immunity at [this] stage raise[] special problems for legal decision making." It reasoned that because its decision must solely rely on the allegations in the complaint, a decision at this stage "sheds little light on whether the government actors might ultimately be entitled to qualified immunity" were the case to proceed to stage where the court had access to a more robust record. *Id.* at 1235-36. While resolving a case on qualified immunity grounds as early as possible is beneficial to government actors, in practice, a court will more often find the other way at the motion to dismiss stage. Moreover, the question here is not whether Defendants will have the opportunity to appeal the district court's decision denying qualified immunity, it is whether Defendants should pursue that appeal from the district court's decision regarding the First Amended Complaint or the Second Amended Complaint.

7

Practice and Procedure § 1476 & n.1 (3d ed. 2005) (an amended pleading "supersedes the pleading it modifies" and "becomes the operative complaint," and "the original pleading no longer performs any function in the case"). Thus, Griffith's appeal is moot because we can no longer grant any effective relief on the First Amended Complaint. *See Grand Canyon Tr.,* 691 F.3d at 1016-17.

*Id.* This Court did not state that if the defendant's order of operations had been reversed, the appeal would not have been dismissed. Instead, it emphasized that it could not grant effective relief concerning the first complaint after a second complaint had been accepted. It did not matter when the defendant had filed the notice of appeal because, either way, the appeal was based on a complaint that was inoperative at the time this Court was considering the case.

Considering appeals that are based on a past and inoperative version of a complaint does not make sense. Doing so would waste this Court's time and resources. Defendants-Appellants advocate for an untenable situation. In their view, a defendant can take a qualified immunity appeal from a district court's order denying a motion to dismiss Version 1 of a complaint; litigate that appeal; move to dismiss Version 2 of a complaint in the district court at the same time; then appeal the district court's denial of that motion a second time, even though the two appeals would be largely identical. This position

8

envisions theoretically limitless qualified immunity appeals at the motion to dismiss stage of the case, which the Supreme Court has cautioned against. *See Johnson v. Jones*, 515 U.S. 304, 309 (1995) (stating that permitting too many interlocutory appeals in one case can cause harms such as: making it more difficult for trial judges to supervise trial proceedings; delaying trial proceedings; adding costs; confusing the issues; and risking "additional … appellate court work … that, had the trial … proceeded, would have turned out to be unnecessary.") The mootness doctrine addresses this issue.

This court should apply *Falck*, and the general principle that a past version of a complaint no longer plays any role in the case once an amended complaint has been properly accepted by the district court, as is the case here. Defendants' appeal is moot and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' qualified immunity appeal should be dismissed as moot.

Respectfully submitted,

**KIMBERLY LONG**

By: s/ Elizabeth Wang
*One of Plaintiff's attorneys*

9

Elizabeth Wang
Steve Art
Lauren Carbajal
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
Phone: (312) 243-5900

Jan Stiglitz (SBN 103815)
Law Office of Jan Stiglitz
14462 Garden Tr.
San Diego, CA 92127
Phone: (619) 807-5890

Michael D. Seplow
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Phone: (310) 396-0731

## CERTIFICATE OF COMPLIANCE
## WITH FRAP 27(d)(1) and (2)

I certify that the foregoing memorandum complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(C) of the Ninth Circuit Rules. According to the word count function on Microsoft Word, the motion contains 1,759 words, under the limit of 2,600 words. The typeface and typestyles comply with the requirements of Fed. R. App. P. 27(d)(1)(E).

s/ Elizabeth Wang

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, certify that, on March 8, 2023, I caused the foregoing motion to be filed via the Court's electronic filing system, which effected service on all counsel of record.

s/ Elizabeth Wang