No. 23-55004

# IN THE UNITED STATES COURT OF APPEAL
# FOR THE NINTH CIRCUIT

---

KIMBERLY LONG,
*Plaintiff-Appellee,*

vs.

THOMAS WEEKS, RONALD ANDERSON, DANIEL
BLOOMFIELD, ROBERT NEWMAN, DANIEL VERDUGO,
JEFFREY GLENN,
*Defendants/Appellants.*

---

On Appeal from the United States District Court for the
Central District of California
Case No. 5:21-cv-02008-FWS-E
Judge: Hon. Fred W. Slaughter

---

## APPELLANTS' REPLY BRIEF

---

*Lee H. Roistacher, Esq.
(SBN 179619)
Mitchell D. Dean, Esq.
(SBN 128926)
Dean Gazzo Roistacher LLP
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Tel.: (858) 380-4683
Fax: (858) 492-0486
E-mail: lroistacher@deangazzo.com
        mdean@deangazzo.com

John D. Higginbotham (SBN 204179)
Neil D. Okazaki (SBN 201367)
Dean Derleth, City Attorney
City Attorney's Office
City of Corona
400 S. Vicentia Ave., 3rd Floor
Corona, CA 92882
Tel: (951) 279-3506
E-mail: john.higginbotham@coronaca.gov
        neil.okazaki@coronaca.gov

# TABLE OF CONTENTS

INTRODUCTION.........................................................12

LONG'S JURISDICTIONAL ARGUMENTS ARE
MERITLESS.............................................................14

A.    The Appeal Is Not Moot.......................................14

    1.    Relevant Factual Background........................15

    2.    Analysis........................................................18

        a.    Absence Of District Court Jurisdiction.....18

        b.    Long Cannot Strategically Moot The
Officers' Appeal With Her Post-Appeal
Amended Complaint................................20

        c.    Finding The Officers' Appeal Moot Thwarts
The Purpose Of Allowing Immediate
Appeals Of Qualified Immunity Denials...26

B.    This Court Has Jurisdiction Over Long's So-Called
"Fact-Based Challenges".......................................27

C.    The Officers Forfeit Nothing.................................30

LONG FAILS TO MEET HER BURDEN OF
ESTABLISHING THE OFFICERS ARE NOT ENTITLED
TO QUALIFIED IMMUNITY.......................................35

A.    Section 1983 Conspiracy Claim.............................35

    1.    No Plausible Conspiracy Claim Because It Is
Barred By The Intracorporate Conspiracy
Doctrine......................................................35

2. Long Fails To Show Clearly Established Law…38

B. Section 1983 Failure To Intervene Claim……………40

 1. Long Fails To Allege A Plausible Section 1983 Failure To Intervene Claim………………………40

 2. Long Fails To Show Clearly Established Law…42

C. Long's *Brady* Claims - Failure To Show Clearly Established Law……………………………………………46

D. Long's Fabricated Evidence Claims - Failure To Show Clearly Established Law……………………………50

E. Long's Collection And Preservation Of Evidence Claims - Failure To Show Clearly Established Law…52

CONCLUSION…………………………………………………55

CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. 32(A)(7)(C) AND CIRCUIT RULE 32-1 FOR CASE NO. 23-55004………………………………………57

CERTIFICATE OF SERVICE…………………………………58

# TABLE OF AUTHORITIES

**Cases**

*Alicia St. v. Leyshock*
    41 F.4th 987 (8th Cir. 2022)…………….…………39, 40

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011)………………………………………12

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)…………………………..………...28

*Avery v. City of Milwaukee*
    847 F.3d 433 (7th Cir. 2017)……………………………52

*Bailey v. Rae*
    339 F.3d 1107 (9th Cir. 2003)……………………………48

*Banks v. Dretke*
    540 U.S. 668 (2004)………………………………………51

*Benningfield v. City of Houston*
    157 F.3d 369 (5th Cir. 1998)……………………………38

*Buschi v. Kirven*
    775 F.2d 1240 (4th Cir. 1985)……………………………38

*Caldwell v. City & County of San Francisco*
    889 F.3d 1105 (9th Cir. 2018)……………………………51

*Carillo v. County of Los Angeles*
    798 F.3d 1210 (9th Cir. 2015)………..…………….*Passim*

*Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*
    626 F.3d 483 (9th Cir. 2010)……………………………36

*Chuman v. Wright*
　　960 F.2d 104 (9th Cir. 1992)…………………………...17, 19

*City & County of San Francisco v. Sheehan*
　　575 U.S. 600 (2015)………………………………………47

*City of Escondido v. Emmons*
　　139 S. Ct. 500 (2019)……………………………………43

*Coleman v. City of Peoria*
　　925 F.3d 336 (7th Cir. 2019)……………………………52

*Conner v Heiman*
　　672 F.3d 1126 (9th Cir. 2012)……………………………40

*Cunningham v. City of Wenatchee*
　　345 F.3d 802 (9th Cir. 2003)………………………....44, 54

*Cunningham v. Gates*
　　229 F.3d 1271 (9th Cir. 2000)……………….....12, 41, 44

*David v. Kaulukukui*
　　38 F.4th 792 (9th Cir. 2022)……………………19, 32, 33

*Denby v. Engstrom*
　　2021 U.S. App. LEXIS 20397
　　(9th Cir. July 9, 2021)……………………………....44, 45

*Deveraux v. Abbey*
　　263 F.3d 1070 (9th Cir. 2001)……………………………51

*Dickerson v. Alachua County Comm'n*
　　200 F.3d 761 (11th Cir. 2000)……………………………38

*District of Columbia v. Wesby*
　　138 S. Ct. 577 (2018)…………………………*Passim*

*Falck N. Cal. Corp. v. Scott Griffith*
    *Collaborative Sols., LLC*
        25 F.4th 763 (9th Cir. 2022)…………….……..*Passim*

*Gausvik v. Perez*
        345 F.3d 813 (9th Cir. 2003)………………..……..52

*Gill v. City of Milwaukee*
        850 F.3d 335 (7th Cir. 2017)…………………….…..52

*Gonzalez v. Planned Parenthood of Los Angeles*
        759 F.3d 1112 (9th Cir. 2014)……………………….30

*Gordon v. County of Orange*
        6 F.4th 961 (9th Cir. 2021)………………………….43

*Grider v. City of Aubrun*
        618 F.2d 1240 (11th Cir. 2010)………….……….35, 36

*Griggs v. Provident Consumer Disc. Co.*
        459 U.S. 56 (1982)……………………….………..*Passim*

*Hall v. Maioho-Pohina*
    2023 U.S. App. LEXIS 10811 (9th Cir. May 3, 2023)..41

*Hamby v. Hammond*
        821 F.3d 1085 (9th Cir. 2016)………..…….…*Passim*

*Hines v. Youseff*
        914 F.3d 1218 (9th Cir. 2019)……………………….45

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist.*
*Bd. of Educ.*
        926 F.2d 505 (6th Cir. 1991)……………………….38

*Hunter v. Bryant*
        502 U.S. 224 (1991)………………….………….21, 26

*Independent Towers v. Washington*
    350 F.3d 925 (9th Cir. 2003)..............................31, 36

*Isturiz v. Garland*
    860 F. App'x 489 (9th Cir. 2021).......................31, 36

*Jackson v. City of Clevland*
    925 F.3d 793 (6th Cir. 2019)...........................35, 36

*Johnson v. 3M Co.*
    55 F.4th 1304 (11th Cir. 2022).........................14, 15

*Keates v. Koile*
    883 F.3d 1228 (9th Cir. 2018)..........................32, 33

*Khoja v. Orexigen Therapeutics, Inc.*
    899 F.3d 988 (9th Cir. 2018)................................29

*Kirkpatrick v. County of Washoe*
    843 F.3d 784 (9th Cir. 2016).................................48

*Kisela v. Hughes*
    138 S. Ct. 1148 (2018)......................................51

*Kramer v. Cullinan*
    878 F.3d 1156 (9th Cir. 2018)...............................46

*Kyles v. Whitley*
    514 U.S. 419 (1995)......................................47, 48

*Lane v. Franks*
    573 U.S. 228 (2014).........................................46

*Lobato v. Las Vegas Metro. Police Dep't*
    No. 22-16440, 2023 U.S. App. LEXIS 26946
    (9th Cir. Oct. 11, 2023) (unpub.)...........................39

*Mandel v. Bradley*
 432 U.S. 173 (1977)................................................30

*May v. Sheahan*
 226 F.3d 876 (7th Cir. 2000)..........................*Passim*

*Mellen v. Winn*
 900 F.3d 1085 (9th Cir. 2018)..........................48, 49

*Mendocino Envtl. Ctr. v. Mendocino County*
 192 F.3d 1283 (9th Cir. 1999)................................38

*Miller and Karunyan v. United States*
 578 F. App'x 708 (9th Cir. 2014).......................53, 54

*Miller v. Vasquez*
 868 F.2d 1116 (9th Cir. 1989)..........................53, 54

*Mitchel v. Gen. Elec. Co.*
 689 F.2d 877 (9th Cir. 1982)..................................13

*Mitchell v. Forsyth*
 472 U.S. 511 (1985)....................................*Passim*

*Mohamed Sabra v. Maricopa County Community College Dist.*
 44 F.4th 867 (9th Cir. 2022)............................44, 45

*Monell v. Dep't of Soc. Servs.*
 436 U.S. 658 (1978)....................................*Passim*

*Napue v. Illinois*
 360 U.S. 264 (1959)............................................51

*NASD Dispute Resolution, Inc. v. Judicial Council*
 488 F.3d 1065 (9th Cir. 2007)................................18

*Padgett v. Wright*
    587 F.3d 983 (9th Cir. 2009)……………………….….19

*Penaloza v. City of Rialto*
    836 F. App'x 547 (9th Cir. 2020)……………………….43

*Pyle v. Kansas*
    317 U.S. 213 (1942)……………………………………….51

*Ramirez v. Butte-Silver Bow Cty.*
    298 F.3d 1022 (9th Cir. 2002)…………………………44

*Robbins v. Meecham*
    60 F.3d 1436 (9th Cir. 1995)………………….....44, 45, 46

*Rodarte v. Gutierrez*
    2023 U.S. App. LEXIS 185 (9th Cir. Jan. 5, 2023)…...51

*Rosales-Martinez v. Palmer*
    753 F.3d 890 (9th Cir. 2014)………………………….…30

*Sakamoto v. Duty Free Shoppers, Ltd.*
    764 F.2d 1285 (9th Cir. 1985)…………………………37

*Saucier v. Katz*
    533 U.S. 194 (2001)…………………………....19, 20, 33

*Sharp v. County of Orange*
    871 F.3d 901 (9th Cir. 2017)…………………………51

*Sheilanee Sen v. City of Los Angeles*
    2022 U.S. Dist. LEXIS 114487
    (C.D. Cal. Apr. 20, 2022)…………………………….43

*Skinner v. Switzer*
    562 U.S. 521 (2011)…………………………….....30, 31

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001)....................................29

*Taylor v. Barkes*
575 U.S. 822 (2015)...............................................43

*Tennison v. City & County of San Francisco*
570 F.3d 1078 (9th Cir. 2009)..............................48

*Tobias v. Artega*
996 F.3d 571 (9th Cir. 2021)..................................44

*Torres v. City of St. Louis*
39 F.4th 494 (8th Cir. 2022)..................................40

*Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen*
558 U.S. 67 (2009)................................................19

*United States v. Koon*
34 F.3d 1416 (9th Cir. 1994)..................................44

*United States v. Zaragoza-Moreira*
780 F.3d 971 (9th Cir. 2015)..................................55

*Walker v. Fred Meyer, Inc.*
953 F.3d 1082 (9th Cir. 2020)...............................29

*West v. City of Caldwell*
931 F.3d 978 (9th Cir. 2019)..................................43

*Wooten v. Roach*
964 F.3d 395 (5th Cir. 2020).....................*Passim*

*Wright v. Ill. Dep't of Children & Family Servs.*
40 F.3d 1492 (7th Cir. 1994)..................................38

*Zaragosa-Solis v. Gutierrez*
    2023 U.S. App. LEXIS 22035
    (9th Cir. Aug. 22, 2023)…………………………………..22

**Statutes**

42 U.S.C. § 1983……………………………………..…….…*Passim*

## INTRODUCTION

The issue in this appeal is whether Kimberly Long's seven distinct claims for constitutional violations against six individual defendants ("Officers") asserted in her four 42 U.S.C. § 1983 claims plausibly alleged claims against each officer and, if so, was there clearly established law in 2003 notifying all reasonable officers that the specific conduct Long alleges against each officer was unconstitutional in the factual context of this case. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000) (requiring "individualized" analysis).

Long does not want this Court to reach the merits. Pages and pages of her brief argue flawed jurisdictional and forfeiture challenges.

This Court's jurisdiction is secure, and no forfeiture exists.

The Officers spent considerable time in their opening brief on the "first prong" of the qualified immunity analysis explaining why Long's myriad claims were insufficiently

plead. Long disagrees. The Officers' arguments are not reiterated unless important to show what Long ignores in her briefing.

On the "second prong" of the qualified immunity analysis, Long fails to meet her burden of showing controlling precedent existing in 2003 clearly establishing the unconstitutionality of each officers' alleged conduct. Her reliance on broad and general propositions of constitutional law divorced from the Officers' actual conduct in the circumstances presented to each is patently insufficient.[1]

---

[1] Long's brief is deficient. Sections V-VII go on for 10 pages making factual statements with record citations. But, after that, Long continuously makes factual assertions without record citations most often referring to, for example, the four pages of text in "Statement V(C) *supra.*" Answering Brief (AB), pp. 12-15, 38. By the Officers' count, Long does this *over 40 times*. Long's violation of Circuit Rule 28-2.8, which requires excerpt of record citations for all factual assertions anywhere in the brief, complicates the Officers' reply and this Court's analysis. *See Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982). This Court should disregard all factual assertions unadorned by a record citation. *See* Cir. R. 28-1(a) ("Briefs not complying with FRAP and these rules may be stricken by the Court.").

## LONG'S JURISDICTIONAL ARGUMENTS ARE MERITLESS

### A.    The Appeal Is Not Moot

Relying on *Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763 (9th Cir. 2022), Long wrongly argues she mooted the Officers' pending appeal by filing her second amended complaint.

*Falck* is inapplicable because it involved neither qualified immunity nor an amended complaint filed after a notice of appeal.  Long ignores these dispositive factual differences.

This Court has not addressed the mootness issue presented here.  But the Fifth and Seventh Circuits have, and both held the filing of an amended complaint after a notice of appeal challenging denial of an immunity does not moot the appeal; the amended complaint is a nullity while the appeal is pending because the appeal divests the district court of jurisdiction over issues raised by the appeal.  *May v. Sheahan*, 226 F.3d 876, 878-81 (7th Cir. 2000); *Wooten v. Roach*, 964 F.3d 395, 400-04 (5th Cir. 2020); *see also Johnson*

*v. 3M Co.*, 55 F.4th 1304, 1309 (11th Cir. 2022) ("[W]e have held that if a proposed amended complaint would 'alter[] the status of the case' on interlocutory appeal, the district court lacks jurisdiction to allow the plaintiffs to file it.").

Because Long previously raised this issue in a motion to dismiss this Court denied without prejudice, Long knew about *May* and *Wooten* because the Officers discussed the cases in opposition. *See* Ninth Cir. Docs. 12-15. Considering Long wants this Court to create a circuit split, Long should have addressed them.

Nonetheless, this Court should follow *May* and *Wooten*.

## 1. Relevant Factual Background

Long's first amended complaint alleged four claims under section 1983 against the Officers; a section 1983 municipal liability claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) against the City of Corona, and various state law claims against the Officers and the City. ER-34-70.

The Officers moved to dismiss Long's four section 1983 claims arguing qualified immunity, the City moved to

dismiss Long's *Monell* claim, and both the Officers and the City moved to dismiss Long's state law claims. ECF Docs. 70-74.

On December 27, 2022, the district court granted in part and denied in part the motions to dismiss. ER-4-26. The district court denied the Officers qualified immunity on Long's section 1983 claims but granted the City's motion to dismiss Long's *Monell* claim with leave to amend. *Id.* The district court also dismissed with prejudice three of Long's previously dismissed state law claims but denied the motion to dismiss Long's other state law claims. *Id.*

On January 4, 2023, the Officers timely appealed the December 27, 2022 order denying qualified immunity on Long's four section 1983 claims. ECF Doc. 104.

On January 23, 2023, defendants moved to stay the entire action because the appeal divested the district court of jurisdiction over Long's section 1983 claims, and the district court should exercise its discretion to stay the *Monell* and

state law claims pending this appeal's resolution. ECF Doc. 106.

The following day, Long filed a motion to deem the Officers' appeal frivolous under *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992). ECF Doc. 107.

On January 26, 2023, Long filed her second amended complaint adding allegations to her *Monell* claim. *See* ECF Doc. 108. However, Long also (as conceded) added allegations expanding the scope of her section 1983 claims against the Officers that are the subject of this appeal. *Id.* Long also included the three state law claims the district court twice dismissed with prejudice. *Id.*

On February 9, 2023, the Officers and the City moved to dismiss the claims still within the district court's jurisdiction: the state law claims and the *Monell* claim. ECF Doc. 112. The Officers specifically noted Long's expansion of her section 1983 claims exceeded the district court's leave to amend, as well as the absence of district court jurisdiction over the section 1983 claims on appeal. *Id.*, p. 8 n.2.

After finding the Officers appeal not frivolous, the district court stayed the action pending resolution of this appeal.  ECF Doc. 121.

## 2.    Analysis

A case is not moot if "the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor."  *NASD Dispute Resolution, Inc. v. Judicial Council*, 488 F.3d 1065, 1068 (9th Cir. 2007).

The Officers' appeal is not moot.  This Court can give the Officers effective relief because Long's filing of her second amended complaint is a nullity regarding her section 1983 claims on appeal.

### a.    Absence Of District Court Jurisdiction

Denial of qualified immunity is immediately appealable.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control

over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id.*

These rules apply to interlocutory appeals from denials of qualified immunity. *Chuman*, 960 F.2d at 105; *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009) ("a pretrial appeal of an order denying qualified immunity normally divests the district court of jurisdiction to proceed with trial"). The jurisdictional impact of a notice of appeal cannot be waived. *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen*, 558 U.S. 67, 81 (2009).

A notice of appeal divests the district court of jurisdiction to proceed on appealed section 1983 claims "'because qualified immunity is immunity from suit, not just a defense to liability, and the immunity is effectively lost if a case is erroneously permitted to go to trial.'" *David v. Kaulukukui*, 38 F.4th 792, 799 (9th Cir. 2022); *see Saucier v.*

*Katz*, 533 U.S. 194, 200 (2001) (qualified immunity is "'an entitlement not to stand trial or face the other burdens of litigation'"); *May*, 226 F.3d at 880 ("[T]he Supreme Court has made clear that a *Forsyth* appeal implicates more than just a public official's right to avoid a trial, it also protects a public official from burdensome pretrial proceedings, including, most notably, discovery.")

**b.     Long Cannot Strategically Moot The Officers' Appeal With Her Post-Appeal Amended Complaint**

*Falck* does not compel finding the Officers' appeal moot.

In *Falck*, the district court denied the defendant's state law based anti-SLAPP motion challenging the plaintiff's first amended complaint.  25 F.4th at 765. The plaintiff filed a second amended complaint, the defendant moved to dismiss that complaint, and the defendant thereafter appealed from the order denying the anti-SLAPP motion directed at the first amended complaint.  *Id.*

Under that scenario, this Court found the second amended complaint superseded the first amended complaint and mooted the defendant's appeal because the first amended complaint was no longer the operative pleading, and no effective relief could be afforded from the order on the first amended complaint. *Id.*

*Falck* is materially different from this case.

First, *Falck* did not involve an interlocutory appeal from a qualified immunity denial. Denials of qualified immunity raise concerns much different than denials of a state law anti-SLAPP motion. Indeed, the Supreme Court has repeatedly emphasized the need for immediate and early review of denials of qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."); *Forsyth,* 472 U.S. at 526-27 ("[T]he reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly

appealable: in each case, the district court's decision is effectively unreviewable on appeal from a final judgment.").

Second, and of jurisdictional importance, the notice of appeal in *Falck* was filed *after* the second amended complaint. 25 F.4th at 765. This Court accordingly had no jurisdiction over any aspect of the case when the plaintiff filed the second amended complaint.[2]

Here, the Officers filed their appeal *before* Long filed her amended complaint which was an act of immediate "jurisdictional significance" *not* present in *Falck* when the plaintiff in that case filed the amended complaint. *Griggs*,

---

[2] Long also cites to a recent decision from this Court, *Zaragosa-Solis v. Gutierrez*, 2023 U.S. App. LEXIS 22035 (9th Cir. Aug. 22, 2023) (unpub.). In that case, a prisoner appealed the denial of his motion for preliminary injunction and then amended the complaint forming the basis of the appeal. 2023 U.S. App. LEXIS 22035, at *1. Relying on *Falck*, the Court found the appeal moot. The Court also relied on the established proposition that the amended complaint rendered it unable to grant provisional relief on the superseded complaint. *Id.* at *1-2. This case is not compelling. The case has no precedential value, Cir. R. 36-3, and it contains insufficient factual detail to determine whether it is even persuasive. For instance, the amended complaint might have dropped the claim upon which the injunction was based.

459 U.S. at 58. Unlike in *Falck*, jurisdiction over Long's section 1983 claims rested exclusively with this Court when Long filed her amended complaint.

The absence of jurisdiction in the district court over issues involved in the qualified immunity appeal is dispositive; Long's filing of her amended complaint after the Officers' notice of appeal does not moot the appeal from the prior complaint. This is precisely the conclusion the Fifth Circuit reached in *May*, 226 F.3d 876, and the Seventh Circuit reached in *Wooten*, 964 F.3d 395.

In *May*, a district court denied portions of a qualified immunity motion to dismiss. 226 F.3d at 878. After the defendant appealed, the district court twice allowed plaintiff to file amended complaints. *Id.* at 879. Examining the impact, if any, the filing of the amended complaints had over its appellate jurisdiction, the appellate court found it did not; the amended complaint filed after a notice of appeal interferes with the appellate jurisdiction the Supreme Court

allows for qualified immunity appeals by altering the status of the issues on appeal. *Id.* at 879-81.

As *May* succinctly stated: "[T]he amended complaints [plaintiff] filed while this appeal was pending are nullities and the complaint in effect when this appeal was filed, his original Amended Complaint, is the operative document. Accordingly, this appeal is not moot, and our jurisdiction is secure." *Id.* at 881.

Such is the case here.

In *Wooten*, the defendants moved to dismiss asserting qualified immunity. 964 F.3d at 400-01. As plaintiff requested in opposition, the district court granted leave to amend and, thus, either rejected the assertions of immunity or found them moot given the anticipated amended complaint. *Id.* at 401. The defendants timely appealed, and the plaintiff then filed his second amended complaint as the district court directed adding new allegations directed at the immunity defenses. *Id.*

Answering "no" to the question of "whether the district court's acceptance of [plaintiff's] second amended complaint renders this appeal moot," the court held "[d]istrict courts lack power to alter the status of case as it rests before the Court of Appeals," and by "accepting the amended pleading, the district court thus attempted to assert jurisdiction over 'aspects of the case involved in the appeal,' which *Griggs* forbids." *Id.* at 403. "[T]he timing of the district court's grant of leave to amend" was not material; the material question was "whether the amended pleadings would affect 'the issue on appeal.'" *Id.* at 404.

"By accepting an amended pleading that altered the status of the appeal, the district court wrongfully asserted jurisdiction over aspects of the case involved in this appeal. That amended pleading therefore did not supersede the complaint at issue in this appeal, which means that this appeal is not moot." *Id.* at 404 (simplified).

Again, such is the case here.

### c. Finding The Officers' Appeal Moot Thwarts The Purpose Of Allowing Immediate Appeals Of Qualified Immunity Denials

Because qualified immunity is an immunity from suit meant to eliminate the burdens of litigation, courts must promptly resolve issues of qualified immunity to ensure those decisions do not become unreviewable on appeal from a final judgment. *Hunter*, 502 U.S. at 227; *Forsyth*, 472 U.S. at 526-27.

Resolving qualified immunity "at the earliest possible stage in litigation" often is with a motion to dismiss. *Hunter*, 502 U.S. at 227. And complaints often contain section 1983 claims subject to qualified immunity and claims that are not (e.g., *Monell* and state law claims). As occurred here, district courts often deny qualified immunity but dismiss *Monell* claims with leave to amend.

Allowing a plaintiff to strategically moot a qualified immunity appeal with an amended complaint improperly renders the district court's ruling on qualified immunity

unreviewable and exposes the defendant to unnecessary burdens of litigation.

As *May* aptly explained, allowing post-appeal alteration of allegations imposes an unacceptable burden on the defendant and denying a district court jurisdiction over an amended complaint after a qualified immunity appeal strikes an appropriate balance and is consistent with Supreme Court precedent. 226 F.3d at 880. Any other rule would result in orders denying qualified immunity motions to dismiss being effectively unreviewable because a plaintiff could continually file amended complaints after notices of appeal until somehow stopped by the district court. *Id.*

## B. This Court Has Jurisdiction Over Long's So-Called "Fact-Based Challenges"

Long argues this Court lacks jurisdiction over the Officers' appeal because they do not accept Long's allegations as true and challenge the sufficiency of them. Long is wrong.

Appellate courts have jurisdiction over appeals from denial of qualified immunity-based motions to dismiss to

determine whether a complaint sufficiently alleges a constitutional violation in addition to whether the law was clearly established because "[e]valuating the sufficiency of a complaint is not a 'fact-based' question of law[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672-75 (2009). Indeed, "whether a particular complaint sufficiently alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded. In that sense the sufficiency of respondent's pleadings is both inextricably intertwined with, and directly implicated by, the qualified-immunity defense." *Id.* at 673 (simplified).

Turning to Long's argument, it relies on two fundamental errors.

Long's first error is believing the Officers ignore her complaint's allegations when showing the absence of a clearly established constitutional violation. The Opening Brief (OB) demonstrates in painstaking detail how Long's allegations insufficiently allege clearly established constitutional violations. OB, at pp. 47-50, 59-69, 73-81, 83-

91, 94-101. And, within this discussion, the Officers relied on both the facts alleged and the facts missing. The latter is not, as Long wrongly argues, disputing the truth of her factual allegations.

There are a few isolated instances where the Officers use judicially noticeable material to show Long's allegations untrue, or at least inaccurate. *See* OB, pp. 90-91, 98-99. Long's second error is thinking this is improper.

Though non-conclusory factual allegations are assumed true, *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020), a court does not turn a blind eye to contradictions established by judicially noticeable material, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999, 1102-03 (9th Cir. 2018) (relying on judicially noticeable facts does not convert motion to dismiss into summary judgment motion).

Importantly, on a motion to dismiss, judicially noticeable facts contradicting allegations *do not create a*

*factual dispute* - the presumption of truth gives way to the judicially noticeable facts. *Gonzalez v. Planned Parenthood of Los Angeles* 759 F.3d 1112, 1115 (9th Cir. 2014) ("'we need not ... accept as true allegations that contradict matters properly subject to judicial notice'").

And where, as here, the judicially noticeable material is public record of court proceedings underlying a "wrongful conviction" claim – matters not subject to reasonable dispute – taking judicial notice of the material properly provides a complete picture of the case. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894-95 (9th Cir. 2014).

## C.   The Officers Forfeit Nothing

Long's forfeiture argument is confusing.

Long asks for "summary affirmance." But "summary affirmance" involves affirming a judgment. *Mandel v. Bradley*, 432 U.S. 173, 176 (1977). No judgment exists here.

Long also cites *Skinner v. Switzer*, 562 U.S. 521, 531 (2011) for the proposition that "[a] complaint need not plead legal theories at all." AB, p. 34. Apart from the seemingly

unrelated proposition, *Skinner* discusses the jurisdictional

impacts of the *Rooker-Feldman* doctrine at page 531.

Long's argument is also undeveloped. *See Isturiz v.

Garland*, 860 F. App'x 489, 493 (9th Cir. 2021).

("[U]ndeveloped arguments are waived and we need not

address them."); *Independent Towers v. Washington*, 350

F.3d 925, 929 (9th Cir. 2003) (courts cannot manufacture

arguments for litigants).

Nonetheless, Long's argument makes little sense.

Long seemingly argues the Officers forfeited *all* their

qualified immunity arguments by not challenging her

Fourth Amendment based malicious prosecution claim, two

allegations regarding suppression of evidence and one

regarding fabrication of evidence.

Long's argument is factually and legally wrong.

Factually, Long's Fourth and Fourteenth Amendment

claims are based on the same underlying conduct. ER-42-50.

That is why the Officers discuss (and challenge) those two claims together. *See* OB, pp. 21-23, 71-104. And the Officers challenge the sufficiency of all Long's factual allegations.

Legally, Long's faulty reasoning apparently comes from the following statement in *David*: "'If the operative complaint contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right, then plaintiffs are entitled to go forward with their claims.'" 38 F.4th at 799 (quoting *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018)).

"Long seemingly believes the presence of a single clearly established unconstitutional act alleged in a count containing several other non-clearly established unconstitutional acts means that all claims within that count are completely off limits to a qualified immunity attack. Long cites no precedent establishing that rule. Even worse, Long seemingly believes a single claim asserting a clearly established constitutional violation in a multi-count complaint precludes a defendant from raising qualified

immunity to any count in the complaint. Long cites no precedent establishing that rule either.

The quoted language in *David* and *Keates* is unclear because neither expound on the meaning of it, nor applied the proposition in the decisions.

What is clear, however, is the language cannot stand for unusual proposition Long asserts.

Two examples prove the point.

A plaintiff's complaint asserts four separate section 1983 claims. One sufficiently alleges a clearly established constitutional violation. But the other three (or two, or even one) do not. Long's rule would mean a defendant could not make a qualified immunity challenge to those insufficiently plead claims. Qualified immunity-based motions to dismiss are not an "all or nothing" proposition. Such a rule makes no sense and confounds the purpose of qualified immunity – early resolution to eliminate public officials from the burden of defending unmeritorious claims. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).

Assume a single claim for Fourth Amendment violations asserts an unlawful search and excessive force during an arrest. Alleging a clearly established constitutional violation regarding the search (e.g., warrantless) would not preclude raising qualified immunity to the force claim. They are distinct constitutional claims. Success on qualified immunity would simply excise the force allegation from the Fourth Amendment claim. No rule requires a defendant to wait for summary judgment to dispose of the force claim through qualified immunity. Any different rule would mean a plaintiff could insulate herself from a qualified immunity-based motion to dismiss by alleging one general section 1983 claim with allegations implicating various constitutional provisions provided there was a single well plead allegation concerning a violation a clearly established constitutional right even if the other allegations were patently insufficient.

## LONG FAILS TO MEET HER BURDEN OF ESTABLISHING THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

**A.     Section 1983 Conspiracy Claim**

**1.     No Plausible Conspiracy Claim Because It Is Barred By The Intracorporate Conspiracy Doctrine**

Without precedent from the Supreme Court or this Court on the intracorporate conspiracy doctrine's application to section 1983 conspiracy claims, the Officers demonstrated the only appellate courts addressing the issue find it applies. *See Jackson v. City of Clevland*, 925 F.3d 793, 817-18 (6th Cir. 2019); *Grider v. City of Aubrun*, 618 F.2d 1240, 1261 (11th Cir. 2010).  Because the Officers believe this Court should join its sister courts, the Officers detailed *Jackson's* persuasive reasoning.  OB, pp. 62-66.

Long's arguments in response, or lack thereof, are troubling for many reasons.

First, Long cites no authority holding the intracorporate conspiracy claim inapplicable to section 1983 conspiracy claims.

Second, Long does not even try to explain why this Court should create a circuit conflict by holding differently than *Jackson* and *Grider*.

Third, Long's entire argument – relegated to a footnote – is that, in her opinion, applying the doctrine to section 1983 claims "does not make sense."  AB, p. 56 n. 10.  This footnoted argument devoid of authority or analysis deserves no consideration.  *Isturiz*, 860 F. App'x at 493; *Indep. Towers*, 350 F.3d at 929 ("'The summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal.'"); *see also Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) (refusing to "address claims that were only argued in passing, or that were bare assertions with no supporting argument") (simplified).

Fourth, Long frivolously accuses the Officers of "not addressing any of this Court's cases permitting §1983 conspiracies to proceed.  OB-62-69."  AB, p. 56 n. 9.  Indeed, Long cites the pages where the Officers discussed this

Court's prior cases and explained why they do not provide the answer or preclude this Court from applying the doctrine (because they did not address the doctrine). *See* OB, pp. 67-69. Yet Long makes no attempt to show why those cases stand for propositions not addressed. *See Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985).

Fifth, Long misstates the record in trying to remove the Officers' conduct from the intracorpate conspiracy doctrine by saying she alleges the Officers "conspired with private individuals" (i.e., the witnesses Long alleges the Officers intimidated and threatened into providing fabricated testimony). AB, p. 54.

Long's complaint contains no allegations of Officers conspiring with these "private individual" witnesses. Nor could it (truthfully) given Long alleges the Officers forced these witnesses through threats and intimidation to say untruthful things, which precludes the existence of any mutual agreement or meeting of the minds to fabricate evidence in violation of Long's constitutional rights. *See*

*Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (elements of a conspiracy).

## 2. Long Fails To Show Clearly Established Law

Long argues conspiracies to violate civil rights have long been unlawful. AB, p. 54. True or not, that general statement of the law does not come close to answering the qualified immunity question presented. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 589-90 (2018).

It has long been established that the intracorporate conspiracy doctrine precludes conspiracy liability for civil rights violations under section 1985. *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767-68 (11th Cir. 2000); *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991); *Buschi v. Kirven*, 775 F.2d 1240, 1252-53 (4th Cir. 1985).

Given that body of law, the question is whether clearly established law existed in 2003 putting all reasonable officers on notice that conspiracy liability could still exist under section 1983 notwithstanding the intracorporate conspiracy doctrine.

On October 11, 2023, this Court answered "no" to that question. *Lobato v. Las Vegas Metro. Police Dep't*, No. 22-16440, 2023 U.S. App. LEXIS 26946, *4 (9th Cir. Oct. 11, 2023) (unpub.).

Long certainly cites no case answering "yes" to the question. Nor does Long address any of the cases from other courts finding the law not presently clearly established. *See, e.g., Alicia St. v. Leyshock*, 41 F.4th 987, 990 (8th Cir. 2022).

Instead, Long merely argues civil rights conspiracies under section 1983 are not separate claims so qualified immunity is inapplicable if the underlying constitutional violations are clearly established. AB, p. 54. Whatever validity there is to the former proposition, and ignoring Long alleges a separate claim for section 1983 conspiracy, the

latter is clearly wrong. *Alicia St.*, 41 F.4th at 990 (qualified

immunity bars section 1983 conspiracy claim); *Torres v. City

of St. Louis*, 39 F.4th 494, 507 (8th Cir. 2022) (same).

Misleading is Long's citation to *Conner v Heiman*, 672

F.3d 1126, 1133 (9th Cir. 2012) for the proposition that "[i]f

the underlying violations are clearly established, such that

officers are not immune then neither are they immune from

a § 1983 conspiracy claim concerning those violations." AB,

p. 54. *Conner* held the exact opposite of what Long claims.

672 F.3d at 1133 ("The finding that [defendants] have

qualified immunity also bars Conner's § 1983 conspiracy

claim. ...[A] § 1983 conspiracy claim 'is not a means of

holding state actors liable on claims from which they are

otherwise immune.'").

## B. Section 1983 Failure To Intervene Claim

### 1. Long Fails To Allege A Plausible Section 1983 Failure To Intervene Claim

The Officers showed in their Opening Brief why Long

failed to allege a plausible failure to intervene claim through

insufficient allegations of personal conduct by each

defendant demonstrating how each failed to intervene and, importantly, how each had the opportunity to intervene to prevent the alleged constitutional violations from occurring.

Though Long disputes the insufficiency of her allegations, the Officers do not belabor the issue given the allegations are the allegations.

The Officers instead focus on Long's concession that her failure to intervene claim is based on a failure by each officer to remedy each other's *completed* constitutional violations. AB, pp. 56-57.

Failure to intervene liability exists to prevent constitutional violations from occurring, hence the requirement for a realistic opportunity for an officer to intervene. *Cunningham v. Gates*, 229 F.2d 1271, 1290 (9th Cir. 2000).

Long does not address this issue, nor does she address that an officer cannot intervene to prevent a completed constitutional violation. *See Hall v. Maioho-Pohina*, 2023 U.S. App. LEXIS 10811, at *4-5 (9th Cir. May 3, 2023)

(unpub.) ("Hall seeks to hold Maioho-Pohina liable for her inaction after the purported constitutional harm occurred" and "[i]t does seem difficult to prevent what has already happened.").

And none of the cases Long cites show the viability of "failure to remedy" liability, or even support expanding failure to intervene liability to cover that conduct.

## 2.  Long Fails To Show Clearly Established Law

Contrary to Long's assertion, the Officers do not argue here that failure to intervene liability is limited to excessive force.  AB, p. 57.

The Officers' argument here is precedent providing officers have a general obligation to intervene in constitutional violations is too broad for the qualified immunity analysis, *Wesby*, 138 S. Ct. at 589-90, and no clearly established constitutional obligation existed in 2003 to intervene in another officer's suppression of evidence, fabrication of evidence, failure to collect evidence or failure to preserve evidence.  OB, pp. 50-59.

Preliminarily, qualified immunity applies because this Court's "precedent does not clearly establish when an officer has a 'realistic opportunity to intercede." *Penaloza v. City of Rialto*, 836 F. App'x 547, 549 (9th Cir. 2020); *see Sheilanee Sen v. City of Los Angeles*, 2022 U.S. Dist. LEXIS 114487, at *33-34 (C.D. Cal. Apr. 20, 2022) (granting qualified immunity based on *Penaloza*).

Notwithstanding, Long does not point to any controlling case – from the Supreme Court or this Court, *Gordon v. County of Orange*, 6 F.4th 961, 969 (9th Cir. 2021) – existing in 2003 imposing failure to intervene liability on an officer for the constitutional violations alleged here. *See West v. City of Caldwell*, 931 F.3d 978, 983 (9th Cir. 2019) (plaintiff must show a "controlling case" "that 'squarely governs the specific facts at issue'") (quoting *City of Escondido v. Emmons*, 139 S. Ct. 500, 503-04 (2019)); *see Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016) ("[A] plaintiff must prove that 'precedent on the books' at the time the officials acted 'would have made clear to [them] that

[their actions] violated the Constitution.'") (quoting *Taylor v. Barkes*, 575 U.S. 822, 827 (2015)).

In a futile effort to show clearly established law in 2003 obligating officers to intervene in other officers' evidence based constitutional violations Long cites: *Cunningham*, 229 F.3d 1271; *United States v. Koon*, 34 F.3d 1416 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996); *Tobias v. Artega*, 996 F.3d 571 (9th Cir. 2021); *Ramirez v. Butte-Silver Bow Cty.*, 298 F.3d 1022, 1029 (9th Cir. 2002); *Robbins v. Meecham*, 60 F.3d 1436 (9th Cir. 1995); and *Denby v. Engstrom*, 2021 U.S. App. LEXIS 20397 (9th Cir. July 9, 2021) (unpub.).

Relying on these cases, Long relies on a general duty to intervene and reasons a duty to intervene in one specific type of constitutional violation means a duty exists to intervene in all constitutional violations.  Long's "overbroad proposition, 'cast at a high level of generality,' is just the sort of sweeping statement of the law that is inappropriate for assessing whether qualified immunity applies." *Mohamed*

*Sabra v. Maricopa County Community College Dist.*, 44 F.4th 867, 888 (9th Cir. 2022).

Other than *Robbins* and *Denby*, the Officers addressed and demonstrated at pages 51-56 of the Opening Brief why the cases Long cites are not "precedent ... clear enough that every responsible official would interpret it to establish the particular rule [Long] seeks to apply" in this case. *Wesby*, 138 S. Ct. at 590 (simplified).

The Officers do not repeat the argument here, other than to say none of Long' cases involve suppression or fabrication of evidence, or a failure to collect or preserve evidence.

*Denby* does not help Long. First, it is unpublished. *Hines v. Youseff*, 914 F.3d 1218, 1230 (9th Cir. 2019) ("'[I]t will be a rare instance in which, absent any published opinions on point or overwhelming obviousness of illegality, we can conclude that the law was clearly established on the basis of unpublished decisions only.'"). Second, issued in

2021, it involved destruction of property during a search in violation of the Fourth Amendment.

*Robbins* likewise does not help Long. *Robbins* involved failing to intervene in force violating the Eighth Amendment. 60 F.3d at 60 F.3d at 1442.

## C. Long's *Brady* Claims - Failure To Show Clearly Established Law

The Officers argued no clearly established law existed in 2003 telling these officers it violated *Brady* to withhold the evidence Long alleges the Officers withheld. *See Wesby*, 138 S. Ct. at 589-90; *Kramer v. Cullinan*, 878 F.3d 1156, 1163 (9th Cir. 2018) ("So long as existing caselaw 'did not preclude' an official from reasonably believing that his or her conduct was lawful, the official has a right to qualified immunity.") (quoting *Lane v. Franks*, 573 U.S. 228, 243 (2014)).

Curious is Long's argument that the Officers define the "clearly established" requirement "too narrowly" and it is "unnecessary [for her] to identify a case concerning suppression of the precise type of evidence at issue." More

curious, or perhaps concerning, is Long's citation to *Carillo v. County of Los Angeles*, 798 F.3d 1210 (9th Cir. 2015) as support. The case establishes the exact opposite:

> Even though it was clearly established at the time of the investigations that police officers were bound to disclose *Brady* evidence, we must next consider whether every reasonable police officer would have understood the specific evidence allegedly withheld was clearly subject to Brady's disclosure requirements.

*Id.* at 1223. *Carillo* articulated this rule because a less specific analysis conflicts with Supreme Court's demand for "specificity." *City & County of San Francisco v. Sheehan*, 575 U.S. 600, 613 (2015) ("We have repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality."); *see Hamby*, 821 F.3d at 1091 ("[W]e must emphasize that the fact-specific, highly contextualized nature of the inquiry does not depend on which particular constitutional right a given plaintiff claims the officials have violated.").

Long cites the following cases, none of which help her: *Kyles v. Whitley*, 514 U.S. 419 (1995); *Carillo*, 798 F.3d

1210; *Tennison v. City & County of San Francisco*, 570 F.3d 1078 (9th Cir. 2009); *Mellen v. Winn*, 900 F.3d 1085 (9th Cir. 2018); and *Bailey v. Rae*, 339 F.3d 1107 (9th Cir. 2003).

The Officers showed at pages 102-104 of their Opening Brief why *Kyles*, *Carrillo*, and *Tennison* are insufficient to meet qualified immunity's "demanding" and "exacting" standard, *Wesby*, 138 S. Ct. at 589; *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 792 (9th Cir. 2016) (en banc), and do not do it again.  The Officers do note Long mischaracterizes the relevant evidence in *Tennison* as an "alternative suspect's incriminating statements." AB, p. 48.  The evidence was a full-blown confession. *Tennison*, 570 F.3d at 1093-94.  Nonetheless, Long does not allege suppression of an alternative suspect's incriminating statements.

Neither *Mellen* nor *Bailey* carry the day for Long.

The evidence in *Bailey* was nothing like the allegedly suppressed evidence here.  The issue in *Bailey* was "whether a state prosecutor's failure to disclose therapy reports concerning a victim's mental capacity constitutes a due

process violation under *Brady*" when "[t]he state criminal convictions at issue, for sexual abuse and sexual penetration, require that the victim be incapable of consent due to a mental defect." 339 F.3d at 1109. This Court concluded reports showing the victim's ability to consent constituted exculpatory evidence under *Brady*. *Id.* at 1116-18.

Long asserts *Mellen* held "by 1997, evidence that gave police officer reason to believe that a key person in the investigation was a liar" constituted *Brady* material. AB, 45. First, this Court only held it was clearly established that impeachment evidence constituted *Brady* evidence. *Mellen*, 900 F.3d at 1103-04. Second, Long takes significant liberty in her characterization of the evidence in *Mellen*. Long wants the evidence to be an *officer's opinion* on a witness credibility because that is one thing she alleges was withheld. But it was not. The evidence withheld were *statements by a witness* about a key prosecution witness being a habitual liar. *Id.* at 1096, 1101. Long does not

allege any officer failing to disclose a witness statement regarding the veracity of another witness.

**D.   Long's Fabricated Evidence Claims - Failure To Show Clearly Established Law**

Fabrication of evidence to arrest, prosecute or convict someone is, as a general proposition, unconstitutional. But that general constitutional proposition, much like excessive force violates the Fourth Amendment, does not control the qualified immunity analysis. *Wesby*, 138 S. Ct. at 590; *Hamby*, 821 F.3d at 1091; *see, e.g., Carillo*, 798 F.3d at 1223.

Long's fabrication of evidence claim is specific and leads to its downfall.

Long does not allege an officer tampered with evidence. She does not allege an officer provided perjured testimony. Long does not allege any officer prepared a falsified report.

Long's specific claim is that two officers (Weeks and Glenn) through threats, coercion and manipulation got witnesses to say things undermining her timeline of events on the night of the murder.

Long "must" but does not "point to prior case law that articulates a constitutional rule specific enough to alert *these* [officers] *in this case* that *their particular conduct* was unlawful. *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (original emphasis).

Neither *Pyle v. Kansas*, 317 U.S. 213 (1942), *Napue v. Illinois*, 360 U.S. 264 (1959), *Banks v. Dretke*, 540 U.S. 668 (2004), *Deveraux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001), *Caldwell v. City & County of San Francisco*, 889 F.3d 1105 (9th Cir. 2018) or *Rodarte v. Gutierrez*, 2023 U.S. App. LEXIS 185 (9th Cir. Jan. 5, 2023) (unpub.), involve the so-called "fabricated evidence" or the factual situations Long alleges. None "squarely govern[]" what is alleged here. *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018).

Not one of those cases holds that witness testimony can subject an officer to fabrication liability, even if the officer engaged in coercive interrogation techniques prior to the witness testifying. This is, however, unsurprising because coerced testimony is not necessarily fabricated evidence. *See*

*Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003) ("Gausvik alleges Perez used overbearing tactics in interviewing the children, which he knew would yield false information. However, such tactics do not establish a deliberate-fabrication-of-evidence claim."); *see also Coleman v. City of Peoria*, 925 F.3d 336, 346 (7th Cir. 2019); *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017).

Nor does Long cite a case holding the interrogation techniques allegedly used unconstitutional. *See Gill v. City of Milwaukee*, 850 F.3d 335, 341 (7th Cir. 2017) ("Whether interrogation tactics are unconstitutionally coercive is an inquiry that depends on the specific facts and circumstances present in a particular case. ... The right 'to be free from coercive interrogation' is highly generalized. Therefore, it cannot be the basis for defeating a qualified immunity defense, unless there is closely analogous precedent that is 'particularized' to the facts of the instant case.").

**E.    Long's Collection And Preservation Of Evidence Claims - Failure To Show Clearly Established Law**

Regarding Long's failure to collect evidence claim, the Supreme Court has never held there is a constitutional duty to collect evidence.  This Court has held "a bad faith failure to collect potentially exculpatory evidence would violate the due process clause." *Miller v. Vasquez*, 868 F.2d 1116, 1120 (9th Cir. 1989).  But this extremely generalized constitutional proposition is of no assistance in the qualified immunity analysis.

Long alleges a failure to collect blood and DNA evidence.  ER-49-50 ¶ 69.

The issue is therefore whether Long points to "'precedent on the books'" in 2003 that "'would have made clear to [the officers] that [failing to collect blood and DNA evidence] violated the Constitution.'" *Hamby*, 821 F.3d at 1091.

Long does not cite that precedent.  She cites two failure to collect evidence cases, *Miller* and *Karunyan v. United*

*States*, 578 F. App'x 708 (9th Cir. 2014), neither of which help her.  AB, p. 50-51.

Miller involved not collecting a crime victim's jacket and not photographing scratches on the defendant.  *Miller*, 868 F.2d at 1119.  *Miller* did not address swabbing a scene for blood or DNA evidence.  Neither did *Karunyan*. 578 F. App'x at 710 ("Potentially exculpatory evidence—that Karunyan immediately had returned the funds to the billing entity months earlier—was readily available to Hanover, yet he allegedly failed to collect that evidence.").

Indeed, "precedent on the books" in 2003 would have at the very least suggested to an officer the absence of a constitutional obligation to collect blood or DNA evidence. *See Cunningham v. City of Wenatchee*, 345 F.3d 802, 812 (9th Cir. 2003) (failing "to gather any physical evidence, such as bed sheets or clothing, which could have exonerated Cunningham" not a constitutional violation).

Long alleges a failure to preserve a champagne bottle and cup.  ER-49 ¶ 69.

No "'precedent on the books'" in 2003 prohibited getting rid of the bottle and cup. *Hamby*, 821 F.3d at 1091.

Long's citation to *United States v. Zaragoza-Moreira*, 780 F.3d 971 (9th Cir. 2015) does not show otherwise. In that case, the defendant was indicted for importing drugs into the United States and the government failed to preserve a video of the defendant's entry that supported a duress defense. *Id.* at 974-78. A video of the defendant potentially showing duress is much different than a random bottle and cup at a crime scene.

## CONCLUSION

The Officers believe the district court erred in how it analyzed qualified immunity and further erred in finding

qualified immunity did not preclude Long's claims.  This

Court should reverse.

Respectfully Submitted,

Dated: October 18, 2023     Dean Gazzo Roistacher LLP


By:  */s/ Lee H. Roistacher*___
     Lee H. Roistacher
     Mitchell D. Dean
     Attorneys for
     Defendants/Appellants
     Thomas Weeks; Ronald
     Anderson; Daniel
     Bloomfield; Robert
     Newman; Daniel Verdugo;
     Jeffrey Glenn

# CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. 32(A)(7)(C) AND CIRCUIT RULE 32-1 FOR CASE NO. 23-55004

Pursuant to Federal Rule of Appellate Procedure 32 (a)(7)(C) and Ninth Circuit Rule 32-1, I certify that Appellants' Reply Brief is proportionately spaced, has a typeface of 14 points or more and contains 6,977 words.

Dated: October 18, 2023     Dean Gazzo Roistacher LLP

By:  */s/ Lee H. Roistacher*____
      Lee H. Roistacher
      Mitchell D. Dean
      Attorneys for
      Defendants/Appellants
      Thomas Weeks; Ronald
      Anderson; Daniel
      Bloomfield; Robert
      Newman; Daniel Verdugo;
      Jeffrey Glenn

## CERTIFICATE OF SERVICE

Re:  *Kimberly Long v. Thomas Weeks, et al.*
United States Court of Appeals for the Ninth Circuit
Case No. 23-55004
USDC Case No. 5:21-cv-02008-FWS-E

I, Maria E. Kilcrease, declare:

That I am and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 440 Stevens Avenue, Suite 100, Solana Beach, California 92075 and my electronic address is mkilcrease@deangazzo.com.

On October 18, 2023, I served the following documents described as:

## APPELLANTS' REPLY BRIEF

on all interested parties in this action addressed as follows:

> Lauren Carbajal
> Megan Pierce
> Steven Art,
> Loevy & Loevy
> 311 N. Aberdeen St., 3rd Fl.
> Chicago, IL 60607
> Tel: (312) 243-5900
> E-mail: carbajal@loevy.com
>           steve@loevy.com

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302
Tel: (720) 328-5642
E-mail: elizabethw@loevy.com

Michael D. Seplow
Paul Hoffman
Schonbrun Seplow Harris
Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Tel: (310) 396-0731
E-mail: mseplow@sshhzlaw.com
        hoffpaul@aol.com

Jan Stiglitz
Law Office of Jan Stiglitz
14462 Garden Tr.
San Diego, CA 92127
Tel: (619) 807-5890
E-mail: js@cwsl.edu

**Attorneys for Appellee**

John D. Higginbotham
Neil D. Okazaki
Dean Derleth, City Attorney
City Attorney's Office
City of Corona
400 S. Vicentia Ave., 3rd Floor
Corona, CA 92882
Tel,: (951) 279-3506
E-mail: john.higginbotham@coronaca.gov
      neil.okazaki@coronaca.gov

**Attorneys for Appellants, City of Corona, Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, Daniel Verdugo and Jeffrey Glenn**

<u>X</u>      BY ELECTRONIC SERVICE: On the date stated above, I served the documents described above on designated recipients via CM/ECF.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on October 18, 2023, at Solana Beach, California.

*Maria E. Kilcrease*
_____
Maria E. Kilcrease, declarant